UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIGNATOURS CORPORATION,<br><br>                 Plaintiff,<br><br>   v.<br><br>SURFCREST RESORT, LLC,<br><br>                 Defendant. | Case No. C24-0439-SKV<br><br>ORDER RE:  MOTION FOR DEFAULT AND MOTION FOR EXTENSION OF TIME TO FILE ANSWER |

      Now pending before the Court is Plaintiff Signatours Corporation's Motion for Default and Defendant Surfcrest Resort, LLC's Motion for Extension of Time to File Answer.  Dkts. 20 & 23.  Both motions are opposed.  *See* Dkts. 24 & 29.  The Court, having considered the motions, all documents filed in support and opposition, and the remainder of the record, herein finds and ORDERS as follows:

      (1)    In seeking entry of default, Plaintiff argued that, after Defendant evaded attempts to serve the party listed as Defendant's registered agent, Plaintiff properly served Defendant at its business location and on a person designated by law to accept service of process.  Dkts. 20 & 29.  Plaintiff asserted its entitlement to default given its proper service under Federal Rule of Civil Procedure 4 and Defendant's failure to timely file an answer within twenty-one days after that service as required by Rule 12(a)(1)(A)(i).  In response, Defendant denied it had been

served, noted that it nonetheless filed an answer following the motion for default, and argued that, even if the Court were to find proper service, there would be good cause to extend the deadline to answer. Dkt. 23. Defendant further clarified that the individual Plaintiff claims to have served is not authorized to accept service on behalf of Defendant, and is, in fact, a former owner of the property at issue in this lawsuit and, at most, a representative of the entity that sold the property to Defendant. Dkt. 30. Defendant also set forth the methods by which Plaintiff could have properly accomplished service after its failure to serve Defendant's registered agent, including the option to mail a copy of the summons and complaint to the address of Defendant's principal office. *See id*. at 1-2 (citing Fed. R. Civ. P. 4(e)(1) & 4(h)(1)(A), and RCW 25.15.026 & 23.95.450). Thereafter, in a proposed status report and discovery plan, Plaintiff conceded that the person upon whom it had attempted to effectuate service "is most likely the 'prior owner' [who] now lives out of state." Dkt. 31 at 8. Plaintiff also, while continuing to contend that its service on that individual satisfied Rule 4, stated that it had now sent Defendant copies of the summons and complaint by registered mail, return receipt requested. *Id*.

The Court, with consideration of the above, finds that Plaintiff's prior attempt at service did not comply with Rule 4 and that there is therefore no basis for the entry of default and no need for an extension of the deadline for the filing of an answer. Accordingly, Plaintiff's Motion for Default, Dkt. 20, is DENIED, and Defendant's Motion for Extension of Time to File Answer, Dkt. 23, is STRICKEN as moot.

(2)   The Clerk is directed to send copies of this Order to the parties.

Dated this 10th day of July, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE: MOTION FOR DEFAULT AND
MOTION FOR EXTENSION OF TIME TO FILE
ANSWER - 2