UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIGNATOURS CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>SURFCREST RESORT, LLC,<br><br>                Defendant. | Case No. C24-0439-SKV<br><br>ORDER GRANTING MOTION FOR JOINDER AND MOTION FOR LEAVE TO AMEND COMPLAINT |

INTRODUCTION

Plaintiff Signatours Corporation filed a Motion for Joinder, Dkt. 35, and Motion for Leave to Amend Complaint, Dkt. 36. Defendant Surfcrest Resort, LLC (Surfcrest Resort) opposes both motions. Dkts. 37-38. The Court, for the reasons set forth below, GRANTS both the Motion for Joinder and the Motion for Leave to Amend Complaint.

BACKGROUND

Plaintiff, a photography company, filed this lawsuit on April 1, 2024, seeking equitable relief and monetary damages established for protection of, and to redress the infringement upon, rights secured by the Copyright Act, 17 U.S.C. § 101. Dkt. 1. Plaintiff alleged that it created

1 and is the copyright owner of photographs of the "Surfcrest Resort" (hereinafter "Resort"),

2 located at 11 Chabot Road, Copalis Beach, Washington.  Plaintiffs further alleges it sent a

3 proposal offering Defendant the opportunity to purchase the copyrighted works, and that

4 Defendant, without purchasing the copyrighted works, copied them and used them to generate

5 profit.  *See id*.

6     Plaintiff now seeks to join as Defendants to its lawsuit Surfcrest Properties, LLC

7 (Surfcrest Properties), Surfcrest Condominium Owners Association (Owners Association), RGN

8 Construction, LLC (RGN Construction), and Richard Nord, Jr. (Nord).  Dkt. 35.  Plaintiff also

9 seeks to amend its Complaint to add all parties Plaintiff alleges participated in the conduct at

10 issue in this case, to pierce the veil of the named parties to recover for damages suffered, and to

11 include relevant and updated facts regarding the claims alleged against each party.  Dkt. 36.

12     Plaintiff asserts that Defendant Surfcrest Resort is the business entity named in the footer

13 of the website "Surfcrestresort.com", where Plaintiff alleges its' copyrighted works continue to

14 be infringed upon.  *See* Dkt. 35-1, ¶1 & Dkt. 35-2, Ex. A.  Plaintiff additionally asserts, *inter*

15 *alia*, as follows: (1) that Surfcrest Properties is the entity into which the real property of the

16 Resort was transferred on May 26, 2022, *see* Dkt. 35-2, Ex. B at 3 (interrogatory answer

17 identifying "Richard Nord and/or Assigns – ultimately assigned to Surfcrest Properties, LLC" as

18 the buyer of the real property and the Owners Association as the seller); Dkt. 30-1(Nord

19 Declaration), ¶3, Ex. 1, and that Surfcrest Properties and its managing members or officers

20 performed acts infringing on Plaintiff's copyrighted works; (2) that the Owners Association is

21 the prior owner of the Resort and the entity that transferred the real property to Surfcrest

22 Properties, Dkt. 30-1, ¶3, Ex. 1, and that the Owners Association participated in the infringing

23 acts; (3) that RGN Construction is involved in the management of the Resort and formed

ORDER GRANTING MOTION FOR JOINDER
AND MOTION FOR LEAVE TO AMEND
COMPLAINT - 2

Surfcrest Properties, *see* Dkt. 35-1, ¶¶5-6 & Dkt. 35-2, Exs. C-D (messages and emails involving Nord and/or RGN Construction addressing "management" of the Resort, a "Surfcrest Group", and including a statement that Surfcrest Properties is "LLC formed by RGN"), that Plaintiff's copyrighted works were sent to and specifically addressed to RGN Construction employee Bryan Young, *see* Dkt. 35-1, ¶11 & Dkt. 35-2, Ex. I, and that RGN Construction's owners, managers, officers, agents, and assigns participated in the infringing acts; and (4) that Nord is the sole member and manager of both Surfcrest Resort and RGN Construction, *see* Dkt. 30-1, ¶1; Dkt. 35-1, ¶¶9-10 & Dkt. 35-2, Exs. G-H, as well as a member of Surfcrest Properties, *see* Dkt. 35-1, ¶7 & Dkt. 35-2, Ex. E, and, in his role as the manager, decision maker, and party responsible for any profits for most if not all of the various entities at issue, Nord participated in the transactions and acts giving rise to Plaintiff's action and the recovery sought.

The proposed amended complaint adds Surfcrest Resort, Surfcrest Properties, the Owners Association, RGN Construction, and Nord as Defendants. Dkt. 36-1. The proposed amended allegations include, for example, that Defendants were sent the proposal containing Plaintiff's copyrighted works through its agent Young at RGN Construction on February 21, 2022; that the real property was transferred to Surfcrest Properties on May 26, 2022; that Plaintiff first documented the discovered infringement on July 8, 2022; that Plaintiff has discovered many instances on many web platforms of Defendants posting the copyrighted works from dates beginning in July 2022 to the present; and that the copyrighted works were still posted online as of September 26, 2024. *Id.*, ¶¶54-69. The proposed amended complaint further alleges that Defendants were aware of Plaintiff's copyrighted works, have no license from Plaintiff, deliberately and willfully infringed and continue to infringe on Plaintiff's copyright, and that they function as one entity or person, have disregarded the business entities such that a unity of

ownership and interest that separate them has ceased to exist, commingled their affairs and assets, and used the business entities to intentionally violate or evade a duty. *Id*., ¶¶71-77.

## DISCUSSION

Plaintiff's Motion for Joinder and Motion for Leave to Amend Complaint implicate Federal Rules of Civil Procedure 15 and 20. The Court considers the motions and applicable standards below.

A.     <u>Motion for Joinder</u>

Rule 20 governs the permissive joinder of parties. *See* Fed. R. Civ. P. 20. Under Rule 20, a person may be joined as a defendant where (1) a "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) some "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B).

The decision of whether to allow joinder lies within the discretion of the district court, and is construed liberally "in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Courts also considers factors relevant to the question of whether joinder "will comport with the principles of fundamental fairness[,]" such as:

> . . . the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the

relationship between the new and old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

*Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

In this case, Plaintiff raises a cause of action for copyright infringement under 17 U.S.C. § 106.  Under that statute, "the owner of a copyright has the exclusive right to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies . . . ; (2) to prepare derivative works based upon the copyrighted work; . . . [and] (5) in the case of . . . pictorial . . . works, . . .  to display the copyrighted work publicly[.]" 17 U.S.C. § 106.  To establish infringement of these exclusive rights, Plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

Plaintiff asserts its ownership of all copyright interests in its copyrighted works and exclusive rights under 17 U.S.C. § 106.  Dkt. 1.  Plaintiff also now, in seeking joinder, argues that Surfcrest Properties, the Owners Association, RGN Construction, and Nord were, along with Surfcrest Resort, involved in the series of transactions or occurrences at issue in this lawsuit by infringing upon Plaintiff's copyright as defined by 17 U.S.C. § 106.  Plaintiff argues that the transactions or occurrences include, but are not limited to, various acts of unlawfully obtaining possession of Plaintiff's copyrighted works, creation of derivative works, and publishing and use of the copyrighted works and/or derivative works to obtain profit.  Plaintiff further argues that Surfcrest Resort and the proposed defendants acted jointly in order to infringe on Plaintiff's copyright, that they function together as one, and that their corporate forms are merely a pretext.

Defendant does not take a position on the request to join the Owners Association as a party.  Dkt. 37 at 2, n.1.  With respect to Surfcrest Properties, RGN Construction, and Nord, Defendant asserts Plaintiff's failure to satisfy the threshold consideration of Rule 20(a) in not

ORDER GRANTING MOTION FOR JOINDER
AND MOTION FOR LEAVE TO AMEND
COMPLAINT - 5

specifically alleging they "copied" the copyrighted works. Defendant also asserts an absence of support for various allegations, stating, for example, that the suggestion of co-mingled assets is pure speculation. Defendant argues that, at best, the allegations show Nord and Young received information at addresses associated with RGN Construction and sent/received emails on their RGN Construction email addresses, and that Plaintiff believes Nord should be sued for copyright infringement in his individual capacity because he is a member of several LLCs.

Defendant also asserts that the motion for joinder is brought for an improper purpose. It asserts that Surfcrest Properties simply owns real property and is not involved with management or operation of the Resort, and that RGN Construction is no more than an unaffiliated entity owned by Surfcrest Resort's member. It asserts that the absence of any discovery on Surfcrest Resort's operations or management shows the attempt to join Nord in his personal capacity is no more than speculative and does not support the likelihood of corporate veil piercing, "an equitable remedy imposed only in exceptional circumstances." *Eagle Pac. Ins. Co. v. Christensen Motor Yacht Corp.*, 85 Wn. App. 695, 707-08, 934 P.2d 715 (1997), *as amended on reconsideration*, and *aff'd and remanded*, 135 Wn.2d 894, 959 P.2d 1052 (1998). Defendant asserts that these facts should lead the Court to inquire into Plaintiff's motives for seeking joinder, and that this "appears to be nothing more than an improper leverage play . . . that should not be rewarded by the Court." Dkt. 37 at 8.

Plaintiff, in response, contends that all of the proposed new parties were involved in the series of transactions or occurrences infringing on its copyright by unlawfully obtaining possession of Plaintiff's copyrighted works, creating derivative works, and publishing and using the copyrighted and/or derivative works to obtain profit. Plaintiff asserts that the infringement, upon information and belief, included but was not limited to going onto the website of two

licensees of Plaintiff's copyrighted works, after receiving direct communications on multiple occasions of Plaintiff's copyright, and downloading and copying to create derivative works from Plaintiff's copyrighted works. Plaintiff points to existing evidence of notices to Surfcrest Resort through Nord and RGN Construction of Plaintiff's copyright shortly before the apparent copying and creation of derivative works, and asserts that the means by which that copying and creation occurred should become clear as discovery progresses. Plaintiff also points to existing evidence of the copyrighted works appearing both on the website for the Surfcrest Resort and on other marketing websites, and as showing Defendant and the proposed new parties were all involved in the management and operation of the Resort and functioned together as one. Plaintiff asserts its right to conduct further discovery in this matter to obtain additional evidence and further substantiate its claims, adding that some forms of evidence are only in the possession of the parties they seek to join.

The Ninth Circuit has interpreted the phrase "same transaction, occurrence, or series of transactions or occurrences" to refer to a "similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). To be joined, the "parties must . . . have rights asserted against them[] that arise from *related* activities – a transaction or an occurrence or a series thereof." *Coal. for a Sustainable Delta v. U.S. Fish & Wildlife Serv.*, C09-0480, 2009 WL 3857417, at *2 (E.D. Cal. Nov. 17, 2009) (citation omitted) (emphasis added). Plaintiff here makes that showing by setting forth a cause of action for copyright infringement against Surfcrest Resort, Surfcrest Properties, the Owners Association, RGN Construction, and Nord based on their related activities. *Cf. Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285-86 (D. Ariz. 2009) (finding joinder improper where claims alleged against defendant Steel Horse Bar & Grill were "premised upon its own independent acts of

infringement, unfair competition, and dilution" and were "separate and distinct" from allegedly improper acts of other, unrelated defendants).  Plaintiff also satisfies the second requirement for permissive joinder in alleging a common question of law through the alleged copyright infringement in violation of 17 U.S.C. § 106, as well as common questions of fact in the alleged acts of infringement and infringing conduct.  The Court, accordingly, finds permissive joinder of Surfcrest Properties, the Owners Association, RGN Construction, and Nord warranted.

Defendant does not undermine Plaintiff's showing by simply deeming the allegations insufficient, speculative, and unsupported.  Plaintiff need not, at this early stage in the proceedings, demonstrate the liability of the proposed new parties.  Moreover, the evidence submitted, at a minimum, supports further inquiry into both the facts underlying the claim for copyright infringement and the allegation that the parties acted jointly in the alleged infringement.  *See, e.g.,* Dkts. 35-1 & 35-2.  In addition, while suggesting Plaintiff proceeds with an improper purpose, Defendant does not support that contention, and neither identifies nor provides support for a contention that joinder will not otherwise comport with principles of fundamental fairness.  The Court, for example and as discussed below, finds no undue delay or undue prejudice to Defendant in allowing joinder and the proposed amended pleading.  The Court further concludes that joinder will serve to promote trial convenience, prevent the possibility of multiple lawsuits, and expedite a final determination of this dispute.  *See League to Save Lake Tahoe*, 558 F.2d at 917.

B.      Motion to Amend

A motion to amend is governed by Rule 15 and, where it seeks to add a new party, also implicates Rule 20.  *See Desert Empire Bank*, 623 F.2d at 1374; *Lyons v. USAA Cas. Ins. Co.*, C22-5462-JHC, 2022 WL 16854273, at *2 (W.D. Wash. Nov. 10, 2022).  Under Rule 15, the

Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend serves the purpose of Rule 15 to "'facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoted source omitted). The rule should, as such, be interpreted and applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Leave to amend may, however, be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts also consider whether a party previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiff seeks to amend the Complaint by adding the joined parties as Defendants, clarifying and adding facts regarding the allegations against each party, updating the allegations with respect to alleged infringing acts, and including a claim to pierce the veil of the named parties to recover damages. *See* Dkt. 36. Plaintiff argues amendment is necessary to include all parties participating in the infringing conduct and from whom Plaintiff alleges it has a right to relief jointly, severally, or in the alternative, and in order to recover damages suffered. Defendant, in opposing the motion, points to the same arguments raised in opposition to the motion for joinder. *See* Dkt. 38.

The Court, as discussed above, finds joinder warranted. The Court further finds no basis for denying leave to amend. Plaintiff has not previously amended the pleading and now timely moves to amend, following a period in which the identities and relationships of the entities and

ORDER GRANTING MOTION FOR JOINDER
AND MOTION FOR LEAVE TO AMEND
COMPLAINT - 9

individuals allegedly related to this lawsuit became apparent, *see, e.g.*, Dkts. 16-33 (briefing and orders associated with service, default, and extensions of deadline to file an answer), and prior to the deadlines for joinder and amended pleadings, *see* Dkts. 34-36.  This case also remains in its early stages, with some four months remaining for discovery and eight months before trial.  There is, as such, neither undue delay, nor undue prejudice in allowing the amendment.  The Court further finds no support for any suggestion of bad faith, dilatory motive, or futility in the amendment.  The Court, for these reasons, finds leave to amend warranted.

CONCLUSION

The Court, in sum, GRANTS both the Motion for Joinder, Dkt. 35, and the Motion for Leave to Amend Complaint, Dkt. 36.  The Court directs Plaintiff to file and serve the amended pleading in accordance with Local Civil Rule 15(a).  Upon the filing of the amended pleading, the Clerk shall, pursuant to Federal Rule of Civil Procedure 21, add Surfcrest Properties, LLC, Surfcrest Condominium Owners Association, RGN Construction, LLC, and Richard Nord, Jr. as Defendants.  The Court further directs the Clerk to send copies of this Order to the parties.

Dated this 4th day of October, 2024.

S. KATE VAUGHAN
United States Magistrate Judge